UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LOUIS J. TAYLOR,

    Plaintiff,

v.                                                       Case No. 22-CV-190

WARDEN JASON WELLS,
SGT. DAN FRUND, SGT. BLAESING,
SGT. ARBOGHAST, BRIAN R. BANACH,
RN ROSEBAUM, LEPPEY, and
DR. RIBAULT,

    Defendants.

## ORDER SCREENING THE COMPLAINT

On February 15, 2022, plaintiff Louis J. Taylor, who is incarcerated at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) This matter is now before the court on Taylor's motion for leave to proceed without prepayment of the filing fee and for screening of his complaint.

The court has jurisdiction to resolve Taylor's motion to proceed without prepaying the filing fee and to screen the second amended complaint in light of Taylor's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge

jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED
## WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Taylor was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On February 15, 2022, Taylor filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On February 17, 2022, the court ordered Taylor to pay an initial partial filing fee of $6.27 by March 21, 2022. (ECF No. 5.) Taylor paid that fee on March 3, 2022. Then on March 7, 2022, Taylor filed another motion to proceed without prepayment of the filing fee. (ECF No. 8.) The court will grant Taylor's first motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order. The court will deny his second motion for leave to proceed without prepaying the filing fee as moot because he already paid the initial partial filing fee.

2

# SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Taylor was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Taylor's Allegations*

Taylor alleges that in October 2021, he informed defendants Unit Manager McLaughlin, Sgt. Dan Frund, Sgt. Blaesing, and Sgt. Arbogast that there was black mold in the showers that was infecting his penis. (ECF No. 1 at 2-3.) He alleges that these defendants told him they could not help him with that issue. (*Id.*) Taylor also alleges that he wrote an inmate complaint to defendant Brian R. Banach, who instructed him to "follow the chain of command." (*Id.* at 3)

Taylor first went to the Health Services Unit (HSU) on September 15, 2021, for the mold infection on his penis. (*Id.* at 2.) An unknown doctor, not a defendant, prescribed an anti-fungal cream. (*Id.*) The cream was not working, so Taylor went back to HSU on November 9, 2021. (*Id.*) Defendant Dr. Ribault prescribed zinc oxide ointment. When that didn't work, Dr. Ribault prescribed Nystatin Topical Cream. (*Id.*) Taylor states that when that did not work either, Dr. Ribault did not address the issue further and neither did HSU staff members Rosebaum and Leppey, who

4

told him to continue on his prescribed course of treatment, despite it having no effect. (*Id.* at 2-3.)

Taylor seeks to have the court reprimand Warden Jason Wells for allowing the shower to have black mold. (*Id.* at 4.) He also seeks $5,000,000.00 in damages. (*Id.*)

*Analysis*

Taylor claims that defendants McLaughlin, Frund, Blaesing, Arboghast and Banach violated his constitutional rights when they failed to address the dangerous black mold in the showers of his housing unit. "The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of the minimal civilized measure of life's necessities' and (2) where prison officials are deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). At this stage, Taylor states a claim against McLaughlin, Frund, Blaesing, and Arboghast because he alleges that they knew of a sufficiently serious condition of confinement and failed to address it.

He cannot proceed on a claim against Banach because he alleges he was involved only in reviewing his inmate complaint. Prison officials who deny grievances "but who otherwise did not cause or participate in the underlying conduct" cannot be held liable under § 1983. *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). Banach is dismissed.

5

Likewise, he cannot proceed against Warden Jason Wells. He alleges that Wells should be held liable because he was in charge of Racine Correctional Institution. Supervisors can be held liable for constitutional violations caused by their employees where the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. Taylor does not allege that Wells knew about or condoned the black mold that infected his penis. Wells is dismissed.

Taylor may, however, proceed against Dr. Ribault, Leppey, and Rosebaum on an Eighth Amendment deliberate indifference to medical needs claim. Medical providers who persist in a course of treatment they know to be ineffective can be held liable for deliberate indifference to medical needs. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

## CONCLUSION

**THEREFORE, IT IS ORDERED** that Taylor's first motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Taylor's second motion for leave to proceed without prepaying the filing fee (ECF No. 8) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin

6

Department of Justice for service on defendants McLaughlin, Frund, Blaesing, Arboghast, Rosebaum, Leppy, and Dr. Ribault. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Taylor shall collect from his institution trust account the $343.73 balance of the filing fee by collecting monthly payments from Taylor's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Taylor is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Taylor is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional

7

Case 2:22-cv-00190-NJ   Filed 04/25/22   Page 7 of 9   Document 9

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk of Courts
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Taylor is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Taylor is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Taylor failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Taylor may find useful in prosecuting his case.

---

Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

8

Case 2:22-cv-00190-NJ   Filed 04/25/22   Page 8 of 9   Document 9

Dated at Milwaukee, Wisconsin this 25th day of April, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge